UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CEDAR DEVELOPMENT EAST, LLC,

                         **Plaintiff,**

  vs.                                                   **1:21-cv-289**
                                                     **(MAD/TWD)**

**TOWN BOARD OF HURLEY and individual
members, JOHN PERRY, MICHAEL BOMS,
MELINDA McKNIGHT, PETER HUMPHRIES,
BARBARA ZELL, PLANNING BOARD OF
HURLEY, and individual members, MITCHELL
COHEN, KARL BRUECKNER, DIANA CLINE,
WAYNE RICE, RAYMOND PALMER, TONY
BONAVIST, CHAZEN COMPANIES, RUSSELL
URBAN-MEAD, NELSON, POPE & VOORHIS,
ADRIANA BELTRANI, and BONNIE FRANSON,**

                         **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**JAMES BACON**                              **JAMES BRYAN BACON, ESQ.**
PO Box 575
New Paltz, New York 12561
Attorneys for Plaintiff

**SOKOLOFF STERN LLP**             **BRIAN S. SOKOLOFF, ESQ.**
179 Westbury Avenue                 **MARK A. RADI, ESQ.**
Carle Place, New York 11514
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

1

This case was initiated on February 3, 2021 by Plaintiff Cedar Development East, LLC, in Ulster County Supreme Court against Defendants Town Board of Hurley and its members, John Perry, Michael Boms, Melinda McKnight, Peter Humphries, and Barbra Zell (collectively, "Town Board Defendants"); the Planning Board of Hurley and its members Mitchell Cohen, Karl Brueckner, Diana Cline, Wayne Rice, Raymond Palmer, and Tony Bonavist (collectively, "Planning Board Defendants"); Chazen Companies and Russell Urban-Mead (collectively, "Chazen Defendants"); and Nelson, Pope & Voorhis, Adriana Beltrani, and Bonnie Franson (collectively, "NPV Defendants").

On March 10, 2021, Town Board Defendants and Planning Board defendants filed a notice of removal.  Dkt. No. 1.  Currently before the Court is Plaintiff's motion to remand.  Dkt. No. 6.

## II. BACKGROUND

In February 2018, Plaintiff, Cedar Development East, sought site plan approval for conversion of the old West Hurley School into a 46-unit residential building.  Dkt. No. 2 at 2. Plaintiff alleges that the Planning Board Defendants illegally and unconstitutionally delayed the State Environmental Quality Review Act ("SEQRA"), N.Y. Envtl. Conserv. Law § 8-0101 et al., review of the project until the Town Board Defendants were able to enact Local Law 4 ("LL4") and effectively prohibited the project.  *Id*.

Specifically, Plaintiff alleges that the Planning Board Defendants delayed SEQRA review by requiring unnecessary environmental and traffic studies, and refused to allow Plaintiff on the planning board agenda.  Dkt. No. 2 at 36, 46.  As part of its delay tactics, the Planning Board Defendants hired the Chazen defendants and NPV Defendants as consultants to contest Plaintiff's studies.  *See* Dkt. No. 2 at 34-35.

After delaying SEQRA review for well over a year, on October 26, 2020, the Town Board Defendants passed LL4.  *Id.* at 43.  LL4 limits multi-family housing to no more than four units and prohibits any multi-family housing in existing buildings exceeding 120 feet in length, including Plaintiff's project.  *Id*. at 37.

On January 4, 2021, nearly three years after Plaintiff began seeking approval, the Planning Board Defendants issued a negative SEQRA declaration, allowing the project to move forward.  The project, however, was still unable to proceed due to LL4.  *Id*. at 28.

Plaintiffs brought this lawsuit in Ulster County Supreme Court on February 3, 2021.  Dkt. No. 6-2 at ¶ 4.[1]  The complaint alleges: (1) LL4 violated the Equal Protection Clause of the United States and New York Constitutions as well as the federal Fair Housing Act and "its state counter-part the 'New York Human Rights Law,' Article 15 of the Executive Law;" (2) LL4 violated N.Y. Town Law §§ 263, 272-a; (3) LL4 violates SEQRA; (4) Defendants' administrative delay and adoption of LL4 violated Plaintiff's Federal and State rights of due process; and (5) LL4 should not be applied to Plaintiff under the "Special Facts" doctrine, if it were otherwise upheld.  Dkt. No. 2 at 46-57.  Plaintiff seeks to annul LL4; to receive compensatory and punitive damages; and a preliminary injunction to enjoin the application of LL4 to the project, and, by writ of mandamus, order the Defendant Planning Board to proceed without delay in reviewing and accepting Plaintiff's project's site plan.  *Id*. at 57-58.

On February 6, 2021, Plaintiff emailed a courtesy copy of the complaint, a memorandum of law, and proposed order to show cause to the Town Attorney, Matthew Jankowski.  Dkt. No. 6-5.  This email was sent to his personal email address.  Dkt. No. 13-1.  On February 9, the state

---

[1] Defendants claim the action was initiated on February 4, 2021.  Dkt. No. 1 at ¶ 1.  The complaint and accompanying exhibits were stamped as filed on February 3, 2021 by the Ulster County Clerk.  *See* Dkt. Nos. 2, 2-1.

3

court issued the order to show cause which allowed for electronic service "upon the offices" of Mr. Jankowski. Dkt. No. 6-6 at 2. The order to show cause further ordered Defendants to respond by February 16 and set a hearing date for February 18. *Id.* On February 10, Plaintiff emailed the complaint, summons and order to show cause, along with other relevant documents to Mr. Jankowski, again to his personal email address. Dkt. No. 6-7. Plaintiff served the Chazen Defendants and NPV Defendants on February 23 and 25, respectively. Dkt. No. 6-13.

On February 16, the Town Board Defendants filed a "Response to Order to Show Cause for Preliminary Injunction." Dkt. No. 6-8. The response requested a three-week adjournment to compile the certified transcript, as required by N.Y. C.P.L.R. § 7804, and to file a response to Plaintiff's motion. *Id.* Defendants' request for more time was granted, and Defendants were ordered to file a response by March 10, 2021. Dkt. No. 6-14.

On March 10, the Town Board Defendants and Planning Board Defendants filed a notice of removal with this Court pursuant to 28 U.S.C. § 1441(a). *See* Dkt. No. 1. The notice of removal states, "All defendants who have been served consented to removal of this action." Dkt. No. 1 at ¶ 7. Defendants filed the notice of removal with the state court on March 11. Dkt. No. 13-8. On March 17, the state court held Plaintiff's motion for injunctive relief in abeyance pending removal to this Court. Dkt. No. 13-4.

On March 18 and 23, Plaintiff agreed to the dismissal with prejudice of the Chazen Defendants and NPV Defendants, respectively. Dkt. Nos. 13-5, 13-6.

On March 19, even though Plaintiff's motion for injunctive relief in state court was in abeyance, Defendants filed a response in state court to concede that LL4 is void because its enactment did not comply with SEQRA. Dkt. No. 13-7.

4

On March 15, Plaintiff filed a motion to remand. Dkt. No. 6. Plaintiff asserts that Defendants' removal was not timely, did not have the consent of all Defendants, and failed to include all documents filed with the state court. Plaintiff further argues that Defendants waived their right to removal by filing a responsive pleading in state court. Lastly, Plaintiff asserts that this Court does not have jurisdiction or should alternatively choose to not exercise its jurisdiction where it does exist.

## III. DISCUSSION

A.  **Standard of Review**

A defendant may remove to federal court any civil action brought in a state court if the case could have originally been filed in federal court. *See Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 309-10 (2d Cir. 2005) (quoting 28 U.S.C. § 1441(a)). An action may be filed in federal court if the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When a federal court has original jurisdiction over an action "arising under the Constitution, treaties or laws of the United States" pursuant to Section 1331, that action "shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b); *see also Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 486 (2d Cir. 1998).

Once a case has been removed, it must be remanded "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Shapiro*, 412 F.3d at 310 (quoting 28 U.S.C. § 1447(c)). Where, as here, jurisdiction is asserted by a defendant in a removal petition, the defendant bears the burden of establishing that removal is proper. *See Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citations omitted). If there are any doubts as to removability, they are resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of the states." *In re Methyl Tertiary*

*Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (citation omitted). Although there is a presumption that the court has jurisdiction when the matter is brought in federal court in the first instance, "[a] defendant removing a case to federal court encounters instead the general principle that removal is disfavored and remand favored." *Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 296-97 (E.D.N.Y. 2005) (citation omitted).

**B.    Timeliness**

According to the federal removal statute, 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …." *Id.*

Plaintiff believes that Defendants' notice of removal was untimely.  Dkt. No. 6-1 at 10. Plaintiff asserts that the thirty-day period began to run when Defendants first received the complaint, i.e., when Plaintiff emailed a courtesy copy of the complaint on February 6, 2021 to Mr. Jankowski, the town attorney of Defendant Town of Hurley.  *Id* at 11-12.

The Supreme Court has explicitly held that a courtesy copy of the complaint does not trigger the thirty-day period to remove. "A named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, **but not by mere receipt of the complaint unattended by any formal service.**" *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (emphasis added); *Johnson v. Gagnon*, No. 9:14-CV-916, 2015 WL 1268199, *8 (N.D.N.Y. Mar. 19, 2015) ("[T]he [*Murphy Bros.*] Court concluded that mere receipt of a complaint, without formal service, does not trigger the thirty-day removal period under section 1446").  This is because service of process "is fundamental to any procedural imposition

on a named defendant," including the deadline to remove the case to federal court. *Murphy Bros.*, 526 U.S. at 350. "[I]f a person or entity becomes a party only upon service of process, it logically follows that a person or entity may only be required to 'take action' by filing a notice of removal once he/she or it has become a party to the litigation via formal service of process." *Piacente v. State Univ. of New York at Buffalo,* 362 F. Supp. 2d 383, 389 (W.D.N.Y. 2004) (citing *Murphy Bros.*, 526 U.S. at 347).

In its reply, Plaintiff directs the Court's attention to cases that have "criticized" *Murphy Bros.* S*ee* Dkt. No. 17 at 11-12. The cases do not stand for the proposition Plaintiff states. In all of Plaintiff's cases, formal service was completed and the issue was whether the defendants had notice of the existence of federal jurisdiction required to begin the thirty-day removal period *after* formal service of process was completed. *Ford-Smith v. HMS Host Corp.,* No. 1:19CV0947, 2020 WL 1242394, *6 (N.D.N.Y. Mar. 16, 2020) (holding that the bill of particulars first alerted the defendant that federal jurisdiction existed and the thirty-day removal period therefore began on service of the bill of particulars); *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 203 (2d Cir. 2001) (service of summons and notice of action, which constituted valid service under New York law, began the thirty-day removal period); *Brooklyn Hosp. Ctr. v. Diversified Info. Techs., Inc.*, 133 F. Supp. 2d 197, 201 (E.D.N.Y. 2001) (same). Service of process is a prerequisite to begin the thirty-day removal period, as the Supreme Court has explicitly stated. *Murphy Bros.*, 526 U.S. at 347. Despite Plaintiff's assertion, no lower court has overruled the explicit holding of *Murphy Bros.*

The courtesy copy of the complaint emailed to Mr. Jankowski on February 6, 2021, therefore, did not trigger the thirty-day removal period.

Next, Plaintiff emailed the Complaint and summons to the town attorney on February 10, 2021 pursuant to the show cause order issued by the state court, which authorized "electronic service" on Mr. Jankowski.  Dkt. No. 6-6.  Defendants argue the show cause order required service to be "upon the offices" of Mr. Jankowski and Plaintiff emailed Mr. Jankowski's personal email address, which is not his office.  Dkt. No. 16 at 12.

This Court need not resolve whether Plaintiff complied with the show cause order and effectuated valid service, because even if it did, Defendants' removal was timely.  Defendants filed a notice of removal with this Court on March 10, 2021 and notice in state court on March 11, 2021.  Thirty days from February 10, 2021 is March 12, 2021.  Accordingly, Defendants' removal was timely from the earliest date the thirty-day removal period could have ran.

**C.     Unanimity Requirement**

When an action is removed pursuant to 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  This is commonly referred to as the "unanimity requirement."  *See e.g.*, *Tate v. Mercedes-Benz USA, Inc.*, 151 F. Supp. 2d 222, 223–24 (N.D.N.Y. 2001).  "While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in timely fashion." *Heller v. New York City Health and Hosps. Corp.*, No. 09 Civ. 6193, 2010 WL 481336, *2 (S.D.N.Y. 2010) (citations omitted); *see also Codapro Corp. v. Wilson*, 997 F. Supp. 322, 325 (E.D.N.Y. 1998).  "It is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf." *Edelman v. Page*, 535 F. Supp. 2d 290, 292 (D. Conn. 2008) (internal quotation marks and citation omitted).

All remaining Defendants are represented by the same counsel and have consented to removal. *See* Dkt. No. 1. The notice of removal filed by the remaining Defendants' attorney satisfies the unambiguous consent requirement of the rule of unanimity for those Defendants. *See e.g.*, *Riano v. Town of Schroeppel ex rel. Town Bd. of Town of Schroeppel*, No. 5:13-CV-352, 2013 WL 5702263, *4 (N.D.N.Y. Oct. 18, 2013) (finding that where the attorney for all defendants removed case, the unanimity requirement was satisfied).

Plaintiff argues that the Chazen Defendants and NPV Defendants, who have been dismissed from this case, had not consented to removal. Defendants' notice of removal, however, states all Defendants had consented. Dkt. No. 1 at ¶ 7. An email exchange on March 15 and 17 between Defendants' counsel confirms consent was previously granted. Dkt. No. 11-4.

The Chazen Defendants and NPV Defendants, however, were dismissed before they could "independently express their consent to removal," as required. *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012). The Chazen Defendants and NPV Defendants were served on February 23 and 25, respectively. Dkt. No. 6-13. They were dismissed, however, on March 18 and 23, respectively. Accordingly, they were dismissed within their thirty-day removal period, and still had an opportunity to file their independent consent with this court. *See, e.g.*, *Taylor v. Medtronic, Inc.*, No. 3:18CV1201, 2020 WL 886118, *2 (N.D.N.Y. Feb. 24, 2020) ("District courts in this Circuit and other circuit courts have declined to strictly construe the rule of unanimity in situations, such as this one, in which one defendant did not consent in the Notice of Removal but consents to removal later ….").

This Court sees no reason to remand for lack of unanimity where all remaining Defendants have unambiguously consented, and the dismissed parties had expressed an intention

to consent but were dismissed prior to an independent expression within thirty-days of their service.

D.     **Failure to Include State Court Documents**

28 U.S.C. § 1446(a) states that defendants shall file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  Plaintiff claims that Defendants did not include the following documents with their removal petition:

> the summons, the order to show cause, (proposed or signed), plaintiff's memorandum of law in support of a preliminary injunction, does not include Exhibits 71-79 or Mr. Duvall's February 16, 2021 answer to the preliminary injunction (and Exhibit A therewith), or plaintiff's February 18, 2021 reply, (and Exhibits thereto), and does not include plaintiff's discovery demands served on all defendants.

Dkt. No. 6-1 at 19.

Many of these documents are not required.  *See, e.g.*, *Visicorp v. Software Arts, Inc.*, 575 F. Supp. 1528 (N.D. Cal. 1983) (holding that discovery and discovery requests are not "process, pleadings and orders"); *Shukla v. Deloitte Consulting LLP*, No. 1:19CV10578, 2020 WL 949426, *6 (S.D.N.Y. Feb. 27, 2020) (holding that removing defendant was not required to include pending motion).  "The statute only requires the Defendant to attach process, pleadings and orders." *Shukla v. Deloitte Consulting LLP*, No. 1:19CV10578, 2020 WL 949426, *6 (S.D.N.Y. Feb. 27, 2020). Plaintiff was therefore required to include the summons (process), Exhibits 71-79 of the complaint (pleading), and the order to show cause (order).

"Although the Second Circuit has not ruled on this issue, the majority of courts have concluded that the failure to include all of the documents from the state court record is not a jurisdictional defect, and that it may be curable." *Tanner v. Heffernan Ins. Brokers, Inc.*, No.

6:19CV00255, 2019 WL 1791518, *5 (N.D.N.Y. Apr. 24, 2019) (collecting cases). Courts have excused, for example, the failure to include the original complaint, *Vitiello v. Contracting*, No. 15CV4635, 2016 WL 1239259, *3 (E.D.N.Y. Mar. 29, 2016), the affidavit of service, *Hearst Mags. v. Stephen L. Geller, Inc.*, No. 08 CIV. 11312, 2009 WL 812039, *3 (S.D.N.Y. Mar. 25, 2009), and state court summons, *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011).

Likewise, here, the Court declines to remand based on Defendants' initial failure to provide the appropriate documents to this Court. No prejudice has been suffered by any party. The order to show cause and affirmation of service were provided to the Court five days later in the Plaintiff's motion to remand. Dkt. Nos. 6-6, 6-7. Within one week, Defendants provided the Court with the summons. Dkt. No. 11-1.

The Court, however, has still not received Exhibits 71-79 of the Complaint. Because section 1446(a) is procedural, and not jurisdictional, the Court declines to remand. No prejudice has been suffered by any party due to missing nine out of 165 exhibits in a 2,000-page pleading at this stage. The missing exhibits, however, must be filed with this Court within five days of receipt of this order.

**E.     Waiver**

Next, Plaintiff argues that Defendants waived their right to removal by filing a request for an extension of time to respond to the order to show cause in state court on February 16, 2021, Dkt. No. 6-1 at 13. Defendants requested more time to respond to the order to show cause. *Id*.

The request for more time, even styled as a response, does not constitute the waiver of the right of removal. The waiver of the right of removal must be "clear and unequivocal." *JP Morgan Chase Bank, N.A. v. Reijtenbagh*, 611 F. Supp. 2d 389, 390 (S.D.N.Y. 2009). Efforts to "preserve the status quo" do not waive the right to removal – even the filing of an answer and

counterclaim in state court. *Hanwha Corp. v. Cedar Petrochemicals, Inc.*, No. 09 CIV. 10559, 2010 WL 11713072, *2 (S.D.N.Y. Apr. 21, 2010); *see also Shukla v. Deloitte Consulting LLP*, No. 1:19CV10578, 2020 WL 949426, *3 (S.D.N.Y. Feb. 27, 2020) (holding that the defendant's opposition to the plaintiff's cross-motion did not waive the defendant's right to removal).

Plaintiff only directs the Court to a case holding that a defendant's cross claim against a co-defendant waived its right to removal. *Isaacs v. Grp. Health, Inc.*, 668 F. Supp. 306, 309 (S.D.N.Y. 1987). Defendants' request for an extension of time clearly did not evidence a "clear and unequivocal waiver of their right to removal." *Reijtenbagh*, 611 F. Supp. 2d at 390. Rather, a request for more time, regardless of the style of the document, only "preserve[s] the status quo" in state court. *Hanwha Corp.*, 2010 WL 11713072, at *2. Defendants did not waive their right to removal.

**F.    Supplemental Jurisdiction**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As noted above, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The district courts, moreover, have supplemental jurisdiction over state law claims that "form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). Claims "form part of the same case or controversy" if they "derive from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011).

"[I]f the court concludes that the 'same case or controversy' requirement is satisfied, it must then decide whether to exercise supplemental jurisdiction based upon the factors set forth in 28 U.S.C. § 1367(c)." *Arnold v. Town of Camillus, New York*, No. 5:20CV1364, 2021 WL 326886, *3 (N.D.N.Y. Feb. 1, 2021). Those factors are "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Id.* (citing 28 U.S.C. § 1367(c)).

Plaintiff argues that this Court does not have jurisdiction over its second, third and fifth causes of action, which seek a declaration that LL4 is void. Dkt. No. 6-1 at 13-15. After Plaintiff had filed its motion to remand, however, Defendants have admitted LL4 to be void for failure to comply with SEQRA. Dkt. No. 13-7. Because Plaintiff's second, third and fifth causes of action only seek to annul LL4, they are moot.

Plaintiff further argues that the case should be remanded because the pending motion for a preliminary injunction in state court should be allowed to proceed. Dkt. No. 6-1 at 12-13. The state-court motion seeks injunctive relief pursuant to Article 78 to order the "[D]efendant Planning Board to proceed without further delay to review and accept the project's site plan and special use permit applications and timely process post-site plan applications for a building permit, inspections and certificates or completeness and/or occupancy." *Id*. at 12.

Although the Second Circuit has not yet conclusively resolved supplemental jurisdiction under Article 78, it has stated that the Supreme Court's holding in *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164–68 (1997) suggests the existence of jurisdiction. *See Carver v. Nassau Cty. Interim Fin. Auth.*, 730 F.3d 150, 155 (2d Cir. 2013). Many district courts,

including this one, have agreed. *Doe v. Zucker*, No. 1:17CV1005, 2018 WL 3520422, *8 (N.D.N.Y. July 20, 2018); *Residents & Fams. United to Save Our Adult Homes v. Zucker*, No. 1:6CV1683, 2017 WL 5496277, *12 (E.D.N.Y. Jan. 24, 2017); *Elite Med. Supply of New York, LLC v. State Farm Mut. Ins. Co.*, No. 13-CV-918-A, 2014 WL 823439, *5 (W.D.N.Y. Mar. 3, 2014); *Casale v. Metro. Transp. Auth.*, No. 05-CV-4232, 2005 WL 3466405, *6 (S.D.N.Y. Dec. 19, 2005) ("State law may direct that '[a] proceeding under this article shall be brought in [state] supreme court,' but this requirement has nothing to do with whether the proceeding falls within a federal jurisdictional statute").

Although some courts have found "compelling reasons" to decline to exercise supplemental jurisdiction, none exist here. *See, e.g., Morningside Supermarket Corp. v. New York State Dep't of Health*, 432 F. Supp. 2d 334, 346 (S.D.N.Y. 2006). Plaintiff argues that "Article 78 claims often present 'issues of state policy that, in the absence of federal jurisdiction, are best resolved by the states.' *Brooklyn Bridge Park Coal. V. Port Auth. Of N.Y. & N.J.*, 951 F. Supp. 383, 395 (E.D.N.Y. 1997)." Dkt. No. 6-1 at 9.

Because LL4 has been invalidated, the Court cannot locate a state policy that should be resolved by the state court. Plaintiff's reply brief does not provide the answer. Instead, Plaintiff dedicates nearly the totality of its reply to misconstrue applicable law in favor of procedural arguments that have been specifically rejected. *See Murphy Bros.*, 526 U.S. at 347; *Hanwha Corp.*, 2010 WL 11713072, at *2.

The remaining relief sought in the preliminary injunction for a writ of mandamus specifically relies on the alleged violations of Plaintiff's procedural and substantive due process rights under the United States Constitution and the Fair Housing Act. At least one federal court in this Circuit has granted relief of this nature against a local planning board. *In re Suffolk Regional*

14

*Off-Track Betting Corporation*, 542 B.R. 72 (Bankr. E.D.N.Y. 2015) (noting that the court cannot compel a village planning to approve or disapprove a site development plan, but it can order a decision on the application in compliance with state and local law).

Plaintiff also broadly gestures to general concerns of "judicial economy, convenience, fairness and comity." Dkt. No. 17 at 10 (citing *Maguire v. A.C. & S., Inc.*, 73 F. Supp. 3d 323 (S.D.N.Y. 2014)). Because the Court will retain jurisdiction over the federal constitutional claims, *Carver v. Nassau Cty. Interim Fin. Auth.*, 730 F.3d 150, 155 (2d Cir. 2013), none of these factors are served by remanding the preliminary injunction for parallel proceedings, and in fact cut directly against Plaintiff's motion to remand.[2]

Lastly, some courts have declined to exercise supplemental jurisdiction because the novel procedural requirements of Article 78 "culminat[e] in a judgment but is brought on with the ease, speed, and inexpensiveness of a mere motion." *Davidson v. Capuano*, 792 F.2d 275, 280 (2d Cir. 1986). In these cases, the Court finds a civil action is not equivalent to an Article 78 proceeding. *Id.*; *Lucchese v. Carboni*, 22 F. Supp. 2d 256, 258 (S.D.N.Y. 1998).

Again, this concern does not exist in the instant case. Upon Defendants' admission that LL4 is void, the only remaining issues to be addressed in this matter (or if the case were to be remanded to state court) involve violations of Plaintiff's federal constitutional and statutory rights, as well as their state counterparts. Dkt. No. 1 at 58. The Court is well situated to rule on such issues.

Because this Court finds it has supplemental jurisdiction over the Article 78 proceeding, no compelling reason exists to decline to exercise that supplemental jurisdiction, and it can order

---

[2] Plaintiff points to a separate Article 78 proceeding in Ulster County Court brought against the Planning Board Defendants by "opponents of the project" following the negative SEQRA declaration. Dkt. No. 17 at 10. This action has since been dismissed. Dkt. No. 21.

the relief sought, there is no basis to remand any aspect of this case to state court.

## IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion to remand is and **DENIED**; and the Court further

**ORDERS** that Defendants shall file Exhibits 71-79 of the Complaint within **FIVE (5) DAYS** of this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 5, 2021
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge